# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **TERESA DI JOSEPH** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | **Case No. 1:17-cv-04444** |
| *v.* ) | |
| ) | |
| **UNITEDHEALTH GROUP and** ) | |
| **THE STANDARD BENEFIT** ) | |
| **ADMINISTRATORS** ) | |
| ) | |
| *Defendants* ) | |

## NOTICE OF REMOVAL

Defendants and removing parties, Standard Insurance Company ("Standard"), incorrectly named as The Standard Benefit Administrators, and UnitedHealth Group ("UHG"), by their attorney, Warren von Schleicher of Smith von Schleicher & Associates, provide notice of removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully present to this Court the following grounds for removal:

1.  Standard and UHG (collectively, "Defendants") are the defendants in an action captioned *Teresa Di Joseph v. UnitedHealth Group and The Standard Benefit Administrators*, Case No. 2017-L-004429, pending in the Circuit Court of Cook County, Illinois, County Department, Law Division. The plaintiff, Teresa Di Joseph ("Plaintiff"), commenced this action on May 1, 2017 by filing a Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division.

2.  Standard has not been served. UHG received a copy of the Summons and Complaint at a location in Schaumburg, Illinois, on May 16, 2017, copies of which are attached as Exhibits 1 and 2 respectively. UHG contends that the attempted service on May 16, 2017 was

not proper service. To prevent delay of this action and to save the cost of service of summons by judicial process consistent with Fed. R. Civ. P. 4, Defendants hereby voluntarily accept service of the Complaint as of the date they file this Notice of Removal. Defendants' Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446 because it was filed within 30 days of the date on which Defendants voluntarily accepted service, and it was filed within 30 days of UHG's receipt of the Summons and Complaint on May 16, 2017. A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court of Cook County, Illinois, is attached as Exhibit 3.

3. Defendants remove this action pursuant to 28 U.S.C. §1441 *et seq.* based on federal diversity jurisdiction under 28 U.S.C. §1332, and federal question jurisdiction under 28 U.S.C. §1331. The United States District Court for the Northern District of Illinois, Eastern Division, is the appropriate venue for removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division.

4. Plaintiff is a resident and citizen of the State of Illinois. (Ex. 2, Complaint, ¶ 1). Standard is a corporation organized under the laws of Oregon with its principal place of business in Portland, Oregon, and is a citizen of Oregon. UHG is a corporation organized under the laws of Delaware with its principal place of business in Minnetonka, Minnesota, and is a citizen of Delaware and Minnesota. Accordingly, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. §1332.

5. The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff alleges that Defendants wrongfully terminated her long term disability ("LTD") benefits as of December 31, 2014. (Ex. 2, Complaint, Ct. I ¶ 20, Ct. II ¶ 27, Ct. IV ¶ 33, pg. 1 of Ex. D to the Complaint). The amount of Plaintiff's monthly benefit was $2,760.11. (Ex. 2, Complaint, pg. 1 of Ex. A to the Complaint). Plaintiff seeks damages for the termination of her LTD

benefits, including recovery of benefits allegedly owed from December 31, 2014 through the present in the amount of at least $77,283.08.[1]  Accordingly, the amount of benefits sought by Plaintiff exceeds $75,000.  In addition, Plaintiff asserts claims for "Bad Faith," "Breach of Contract," and "Respondeat Superior," and demands damages "in excess of $500,000.00."  (Ex. 2, Complaint, Cts. I-IV Wherefore clauses).

6. Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs, Defendants are entitled to remove this matter from state court to federal court pursuant to 28 U.S.C. §1332 and §1441.

7. In addition, this civil action is removable based on federal question jurisdiction under 28 U.S.C. §1331 and §1441, because Plaintiff seeks payment of LTD benefits under an employee welfare benefit plan (the "Plan") funded by and comprised of a group insurance policy (the "Group Policy") issued by Standard to Policyholder UHG, and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").  (Ex. 2, Complaint, ¶¶ 12, 16, 17, Ct. I ¶ 20, Ct. II ¶¶ 27-28, Ct. IV ¶ 33).  A copy of the Group Policy is attached as Exhibit 4.

8. Plaintiff alleges that Standard and UHG wrongly terminated her LTD benefits under the Group Policy, that UHG breached a contract with her by terminating her LTD benefits, and that UHG is responsible for the wrongful termination of her LTD benefits under a theory of "respondeat superior."  (Ex. 2, Complaint, Cts. I-IV).  Plaintiff's claims arise from the denial of LTD benefits under the Group Policy, seek entitlement to LTD benefits under the Group Policy, and do not allege a violation of a legal duty independent of ERISA or the terms of the Group Policy.  Plaintiff's claims, therefore, are governed by ERISA §502(a)(1)(B), 29 U.S.C.

---

[1] December 31, 2014 through the date Plaintiff filed her Complaint, May 1, 2017, is 28 months and 1 day.  $2,760.11 x 28 months = $77,283.08.

§1132(a)(1)(B). Section 502(a)(1)(B) of ERISA permits a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

9. Section 502(a)(1)(B) completely preempts the state law claims asserted in the Complaint. Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). See also *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013) ("[W]hen a state-law claim by its nature falls within the scope of ERISA §1132(a)(1)(B), two consequences follow: first, the claim is deemed to be a federal claim (albeit an invalid one) for purposes of federal-question jurisdiction and thus removal; and second, the claim is preempted.").

10. The Group Policy constitutes an ERISA-regulated employee welfare benefit plan established, maintained, and/or endorsed by UHG for the purpose of providing LTD coverage to eligible employees of UHG, including Plaintiff, as a benefit of employment. Plaintiff was an eligible employee of UHG and a participant in the Plan. This case is properly removable based on federal question jurisdiction pursuant to ERISA and the doctrine of complete preemption:

    (i) UHG established and/or maintained the Group Policy as an employee welfare benefit plan under ERISA pursuant to 29 U.S.C. §1002(1) and §1002(5) for the purpose of, *inter alia*, providing LTD coverage to UHG's eligible employees pursuant to a group insurance policy issued by Standard. (Ex. 4, Group Policy, pgs. STND-17-03666-000015-18).

    (ii) The Group Policy establishes procedures for submitting claims and receiving benefits. (Ex. 4, Group Policy, pgs. STND-17-03666-000031-33).

    (iii) The Group Policy constitutes an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1).

      (iv)      Plaintiff asserts a claim for benefits under the Group Policy and is a participant as defined by 29 U.S.C. §1002(7) in that she has asserted a colorable claim to employee welfare plan benefits provided under the ERISA-regulated Group Policy that was established, maintained and endorsed by UHG as its long-term disability employee welfare benefit plan.

      (v)      Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants or beneficiaries to recover benefits or other relief under employee welfare benefit plans.

11.      ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides Plaintiff with exclusive remedies for recovery of benefits, pursuant to *Taylor*, 481 U.S. 58 and *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Plaintiff's claims for payment of benefits cannot be resolved without interpreting the terms of the Group Policy relating to qualification for and payment of Plan benefits. Plaintiff's state law claims, therefore, fall within the scope of 29 U.S.C. §1132(a)(1)(B) and are completely preempted and governed by ERISA. See *Davila*, 542 U.S. at 210.

12.      The Group Policy is not exempt from ERISA under the safe harbor provision of ERISA's regulations. The safe harbor provision exempts benefit plans from ERISA only if all four safe harbor criteria are satisfied, including that no contributions are made by the employer, that participation is completely voluntary, and that the sole functions of the employer are, "without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer." 29 C.F.R. §2510.3-1(j).

13.      The Group Policy falls outside of the safe harbor exemption because UHG paid for its eligible employees' LTD coverage. (Ex. 4, Group Policy, pg. STND-17-03666-000016). See *Helfman v. GE Group Life Assur. Co.*, 573 F.3d 383, 391-392 (6th Cir. 2009) ("[I]f an

employer contributes to any employee's payment of premiums, ERISA must apply to the entirety of the particular insurance program, regardless of whether one or more employees pays his own premiums in full."); *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454 (7th Cir. 2005).

14. Participation in the Plan is not completely voluntary because the Group Policy requires participation of 100% of eligible Members to remain in effect. (Ex. 4, Group Policy, pgs. STND-17-0366-000017, 37). See *Vergin v. Reliance Standard Life Ins. Co.,* No. 08-C-0283, 2009 WL 742767, at *4 (E.D. Wis. Mar. 17, 2009) (participation not completely voluntary where employer guaranteed 100% participation in the plan for one class of employees). See also *Carter v. Guardian Life Ins. Co. of Am.*, No. 11-3-ART, 2011 WL 1884625, at *1 (E.D. Ky. May 18, 2011); *Toohey v. Cigna Corp.*, No. CV-09-88-ST, 2009 WL 2169859, at *5 (D. Or. June 24, 2009).

15. Moreover, UHG endorsed the Group Policy as its ERISA-regulated Plan and did not maintain strict neutrality. As explained by the United States Department of Labor, "[the] requirement of employer neutrality is key to the rationale for not treating such a program as an employee benefit plan, namely the absence of employer involvement." 40 Fed. Reg. 34,526 (1975). If an employer fails to maintain neutrality and endorses the plan, the safe harbor exemption is inapplicable. *Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 511 (7th Cir. 1989).

16. UHG endorsed the Group Policy as part of its ERISA-regulated Plan by selecting Standard as its group insurer, purchasing the coverage as a benefit for its employees, designating which employees are eligible for coverage, paying its employees' coverage premiums for LTD insurance coverage, and retaining the authority to terminate the Group Policy. (Ex. 4, Group Policy, pgs. STND-17-03666-000015-17, 35, 37). UHG, therefore, "endorsed" the Group Policy

6

as part of its employee welfare benefit program, rendering the safe harbor exemption inapplicable. See *Orlando v. United of Omaha Life Ins. Co.*, No. 06 C 3758, 2007 WL 2875241, at *3 (N.D. Ill. Sept. 30, 2007) ("[T]wo employer activities, contracting with the insurer to provide the plan and designating eligible employees under it, were sufficient to place the plan within ERISA's framework."); *Dwyer v. Unum Life Ins. Co. of Am.*, No. 03 C 1118, 2003 WL 22844234, at *2 (N.D. Ill. Dec. 1, 2003) ("'[A]n employer who creates by contract with an insurance company a group insurance plan and designates which employees are eligible to enroll in it is outside the safe harbor created by the Department of Labor regulation.' This is exactly what [the employer] has done--contracted with Unum for a group plan and designated employees eligible to enroll.") (quoting *Brundage-Peterson*, 877 F.2d at 510).

17. Because federal question jurisdiction exists under 28 U.S.C. §1331 based on ERISA and the doctrine of complete preemption, and federal diversity jurisdiction exists under 28 U.S.C. §1332, Defendants are entitled to removal of this lawsuit from state court to federal court pursuant to 28 U.S.C. §1441. This case is properly removed from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, based on federal diversity jurisdiction and federal question jurisdiction.

WHEREFORE, Removing Parties and Defendants, STANDARD INSURANCE COMPANY and UNITEDHEALTH GROUP, respectfully request that the above titled action be removed from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division based on diversity jurisdiction under 28 U.S.C. §1332, federal question jurisdiction under 28 U.S.C. §1331, and the doctrine of complete preemption under 29 U.S.C. §1132(a).

as part of its employee welfare benefit program, rendering the safe harbor exemption inapplicable. See *Orlando v. United of Omaha Life Ins. Co.*, No. 06 C 3758, 2007 WL 2875241, at *3 (N.D. Ill. Sept. 30, 2007) ("[T]wo employer activities, contracting with the insurer to provide the plan and designating eligible employees under it, were sufficient to place the plan within ERISA's framework."); *Dwyer v. Unum Life Ins. Co. of Am.*, No. 03 C 1118, 2003 WL 22844234, at *2 (N.D. Ill. Dec. 1, 2003) ("'[A]n employer who creates by contract with an insurance company a group insurance plan and designates which employees are eligible to enroll in it is outside the safe harbor created by the Department of Labor regulation.' This is exactly what [the employer] has done--contracted with Unum for a group plan and designated employees eligible to enroll.") (quoting *Brundage-Peterson*, 877 F.2d at 510).

17. Because federal question jurisdiction exists under 28 U.S.C. §1331 based on ERISA and the doctrine of complete preemption, and federal diversity jurisdiction exists under 28 U.S.C. §1332, Defendants are entitled to removal of this lawsuit from state court to federal court pursuant to 28 U.S.C. §1441. This case is properly removed from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, based on federal diversity jurisdiction and federal question jurisdiction.

WHEREFORE, Removing Parties and Defendants, STANDARD INSURANCE COMPANY and UNITEDHEALTH GROUP, respectfully request that the above titled action be removed from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division based on diversity jurisdiction under 28 U.S.C. §1332, federal question jurisdiction under 28 U.S.C. §1331, and the doctrine of complete preemption under 29 U.S.C. §1132(a).

                                          Respectfully submitted,

Warren von Schleicher (IL-6197189)     By: /s/ *Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES         Attorney for Defendants,
180 North LaSalle St. Suite 3130               Standard Insurance Company and
Chicago, Illinois 60601                           UnitedHealth Group
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Philip M. Kiss
Kiss & Associates, Ltd.
5250 Grand Avenue #14-408
Gurnee, Illinois 60031
philip_kiss@comcast.net

/s/ *Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle Street, Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com
Ill. Bar No. 6197189